**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMELIA INGRAO, AND ELIZABETH PACANA, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ADDSHOPPERS, INC., NUTRISYSTEM, INC., VIVINT, INC.**<br><br>**Defendants.** | **Civil Action No: 2:24-cv-01022-JHS** |

**ADDSHOPPERS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

Defendant, AddShoppers, Inc. ("AddShoppers"), by and through its undersigned counsel, pursuant to Rule 201(b)(2) of the Federal Rules of Evidence, hereby requests that, in considering AddShoppers' Motion to Dismiss the Class Action Complaint filed contemporaneously herewith, the Court take judicial notice of the following documents:

1. A copy of the Georgia Corporations Division, Business Information Search for Lamin-x Protective Films, LLC, a Georgia limited liability company (attached hereto as **Exhibit 1**).

2. The docket sheet obtained from the Public Access to Court Electronic Records ("PACER") in case originally captioned *McClung et al v. AddShoppers, Inc. et al*, (the "*McClung* action") pending in the United States District Court for the Northern District of California, case no: 3:23-cv-01996-VC (attached hereto as **Exhibit 2**).

3. The Complaint filed in the *McClung* action on April 24, 2023 (attached hereto as **Exhibit 3**).

4. The Order of the United States District Court for the Northern District of California granting in part, denying in part the Motions to Dismiss entered on January 17, 2024 in the *McClung* action (attached hereto as **Exhibit 4**).

5. Plaintiffs' First Set of Requests for Production of Documents to AddShoppers Inc. served on January 18, 2024 in the *McClung* action (attached hereto as **Exhibit 5**).

6. Plaintiffs' Second Set of Requests for Production of Documents to AddShoppers Inc. served on March 13, 2024 in the *McClung* action (attached hereto as **Exhibit 6**).

7. AddShoppers' Requests for Production of Documents to Named Plaintiff Terry Michael Cook, Set One served on February 1, 2024 in the *McClung* action (attached hereto as **Exhibit 7**).

8. AddShoppers' Special Interrogatories, Set One, to Named Plaintiff Terry Michael Cook served on February 1, 2024 in the *McClung* action (attached hereto as **Exhibit 8**).

9. Letter dated April 3, 2024 from counsel for AddShoppers to Plaintiffs seeking to meet and confer regarding discovery deficiencies (attached hereto as **Exhibit 9**).

## ARGUMENT

In evaluating a motion to dismiss, a court may consider "items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case." *Buck v. Hampton Tp. School Dist.,* 452 F. 3d 256, 260 (3d Cir. 2006). Federal Rule 201(b)(2) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

As this Court described:

> It is undeniable that documents qualifying as public records may be judicially noticed by courts. The Third Circuit has expressed its approval of district courts considering public records, ranging from SEC filings, id., and published reports of administrative bodies, *City of Pittsburgh v. W. Penn Power Co*., 147 F.3d 256, 259

> (3d Cir. 1998), to criminal case dispositions and decision letters of government agencies, *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1197 (3d. Cir. 1993). The Supreme Court has also expressed its approval of courts considering "other sources" beyond the complaint, such as "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007).
>
> A public record is not simply one that is accessible to the public, but rather one to which "the public ha[s] unqualified access." *Pension Ben.*, 998 F.2d 1192, 1197 (3d Cir. 1993). Thus, it is not sufficient that the public can access a written exchange between a regulator and a company it regulates through a Freedom of Information Act request. *Id.*

*In re Egalet Corp. Sec. Litig.*, 340 F. Supp. 3d 479, 496 (E.D. Pa. 2018), *aff'd sub nom. Spizzirri v. Zyla Life Scis.*, 802 F. App'x 738 (3d Cir. 2020). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). For the reasons stated below, judicial notice is appropriate for Exhibits 1-9.

Judicial notice is appropriate for Exhibit 1 as it is a public record accessed through and printed from the public website of the Georgia Corporations Division. *See e.g. In re Egalet Corp. Sec. Litig.,* 340 F. Supp. 3d at 496 (taking judicial notice of an FDA memorandum accessible to the public via the FDA's website); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (finding that filings such as SEC filings are matters of public record appropriate for judicial notice); *Pension Ben Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192 (3d Cir. 1993) ("Courts have defined a public record, for purposes of what properly may be considered on a motion to dismiss, to include criminal case dispositions such as convictions or mistrials, letter decisions of government agencies, and published reports of administrative bodies.") (internal citations omitted); *Barker v. Tyson Foods, Inc.*, 2021 WL 5184074, *3 (E.D. Pa. Nov. 4, 2021) (taking judicial notice of the Pennsylvania Department of State records).

Judicial notice is appropriate for Exhibits 2 through 4 as these exhibits are copies of official court records which are publicly available documents through the United States District Court for

the Northern District of California. Exhibit 2 is the official docket sheet reflecting all filings in the case, while Exhibits 3-4 are public filings in the McClung action. Each of these documents is publicly available via the PACER website. This Court may consider documents filed in other cases. *See e.g., Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1197 (3d. Cir. 1993); *Rauso v. Fein,* 2022 WL 17833271, *2, n.3 (E.D. Pa. Dec. 21, 2022) (taking judicial notice of filings in a related state court foreclosure action). "A court may take judicial notice of documents filed in other court proceedings because they are matters of public record." *Driver Opportunity Partners I, LLP v. Adams,* 2023 WL 8809708, *5 (W.D. Pa. Dec. 23, 2023), *appeal docketed*.

Judicial notice is appropriate for Exhibits 5 through 9 as the discovery records served in the *McClung* action whose accuracy is "not subject to reasonable dispute." Fed. R. Evid. 201(b)(2); *see also, Schmidt,* 770 F.3d 241, 249 (3d Cir. 2014); *In re Egalet Corp. Sec. Litig.,* 340 F. Supp. 3d at. 497 ("Fed R. Evid. 201(b)(2) allows courts to take judicial notice of any "fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

AddShoppers offers Exhibits 2 through 9 to demonstrate the similarity in allegations and the advanced procedural status of the *McClung* action, for the Court's consideration in determining AddShoppers' request to stay any portion of the instant action that may remain after considering AddShoppers' arguments in support of dismissal pursuant to Fed. R. Civ. Pro. 12(b)(2) and 12(b)(6). Judicial notice for this purpose is appropriate.

//
//

## CONCLUSION

For the foregoing reasons, AddShoppers respectfully requests that this Court take judicial notice of Exhibits 1 through 9 and consider the same in connection with its Motion to Dismiss.

**RESPECTFULLY SUBMITTED:**

Dated: May 10, 2024

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Sarah E. Meyer*
Sarah E. Meyer (Pa. Bar No. 319388)
100 Light Street, 26th Floor
Baltimore, MD 21202
Phone: (410) 545-5807
Email: Sarah.Meyer@wbd-us.com

*/s/ Tomio B. Narita*
Tomio B. Narita (*pro hac vice admission pending)*
50 California Street, Suite 2750
San Francisco, CA 94111
Phone: (415) 765-6274
Email: Tomio.Narita@wbd-us.com

*/s/ Jeffrey A. Topor*
Jeffrey A. Topor (*pro hac vice admission pending)*
50 California Street, Suite 2750
San Francisco, CA 94111
Phone: (415) 765-6276
Email: Jeff.Topor@wbd-us.com

Attorneys for Defendant AddShoppers, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of May 2024, a copy of the foregoing was filed and served via the Court's CM/ECF system upon all counsel of record.

*/s/ Sarah E. Meyer*
Sarah E. Meyer (Bar No. 319388)