**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMELIA INGRAO and ELISABETH PACANA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADDSHOPPERS, INC., NUTRISYSTEM, INC., VIVINT, INC.,<br><br>Defendants. | Case No. 2:24-cv-1022 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit the attached opinion in *Cole v. Quest Diagnostics, Inc.*, No. 2:23-cv-20647-WJM, 2024 WL 3272789 (D.N.J. July 2, 2024), as supplemental authority in support of their opposition to Defendant Nutrisystem's Motion to Dismiss (ECF No. 39). Like Nutrisystem, the defendant website operator in *Cole* relied on *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 152 (3d Cir. 2015), in moving to dismiss the plaintiffs' CIPA claim. *Compare Cole v. Quest Diagnostics, Inc.*, No. 2:23-cv-206470-WJM, ECF No. 51-1 at 30-33 (D.N.J.) (Quest Motion to Dismiss), *with* ECF No. 25 at 13-14 (Nutrisystem Motion to Dismiss) (relying on *Google Cookie Placement* to argue the party exception applies to AddShoppers and Nutrisystem). It argued that "Plaintiffs' CIPA claim must fail because Facebook was a party to the communications at issue and therefore could not have eavesdropped." *Cole*, 2024 WL 3272789, at *4. And like Nutrisystem, the website operator "argue[d] that Plaintiffs had sent a separate and parallel GET request to both Quest and Facebook and therefore Facebook could not have eavesdropped." *Compare Cole*, 2024 WL 3272789, at *4, *with* ECF No. 25 at 14. The court disagreed, holding: "Plaintiffs here did not consent to sending a separate message to Facebook,

was generally unaware of doing so, and had no control over that process. As a result, the Court declines to dismiss Plaintiffs' CIPA claim on these grounds." *Cole*, 2024 WL 3272789, at *4. So too here: "Plaintiff Ingrao has *no relationship* with AddShoppers" and thus it was not a party to the communication. ECF No. 39 at 20-21 (explaining why *Google Cookie Placement* does not preclude liability). Accordingly, Nutrisystem is responsible for violating CIPA.

Dated: July 15, 2024

Respectfully submitted,

By: /s/ *Charles E. Schaffer*

Charles E. Schaffer
Nicholas J. Elia
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
cschaffer@lfsblaw.com
nelia@lfsblaw.com

Norman E. Siegel (*pro hac vice*)
J. Austin Moore (*pro hac vice*)
Kasey Youngentob (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
(816) 714-7100 (tel.)
siegel@stuevesiegel.com
moore@stuevesiegel.com
youngentob@stuevesiegel.com

*Attorneys for Plaintiffs and the Class*