## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Amelia Ingrao and Elisabeth Pacana,** | : | |
| | : | |
| | : | **CIVIL ACTION NO.** |
| *Plaintiffs* | : | |
| **v.** | : | |
| | : | **2:24-cv-01022-JHS** |
| **AddShoppers, Inc.,** | : | |
| **Nutrisystem, Inc., and** | : | |
| **Vivint, Inc.** | : | |
| | : | **(Oral Argument Requested)** |
| *Defendants* | : | |
| | : | |

## NUTRISYSTEM, INC.'S RESPONSE TO PLAINTIFFS'
## NOTICE OF SUPPLEMENTAL AUTHORITY (ECF No. 50)

*Cole* supports dismissing the CIPA claim against Nutrisystem, and it does not support Ingrao's arguments against dismissal.  Indeed, *Cole* bolsters Nutrisystem's argument that Ingrao did not communicate any "contents" that could be intercepted by anyone which thus mandates dismissing her CIPA claim.  Whereas *Cole* involved contents because "***user-entered*** and user-specific information" along with users' "***internet communications and medical information***" were intercepted, Ingrao here concedes that she did not provide any information to Nutrisystem. *Cole v. Quest Diagnostics, Inc.*, No, 2:23-cv-20647-WJM, 2024 WL 3272789, at *1–4 (D.N.J. July 2, 2024) (emphasis added); (Compl. ¶ 55).  And, *Cole* does not support Ingrao's opposition to the application of the party exception to AddShoppers under the California Invasion of Privacy Act ("CIPA").

***First***, *Cole* supports Nutrisystem's argument that Ingrao's CIPA claim should be dismissed because Ingrao has not alleged that the "contents" of her communications were intercepted by anyone. (ECF No. 25 at 11–12.)  *Cole* demonstrates the type of information that courts deem to be "contents," which is easily distinguished from what Ingrao has alleged.

In *Cole*, the court denied dismissal of the CIPA claim, finding plaintiffs had plausibly alleged that the "contents" of their communications were intercepted. *Cole*, 2024 WL 3272789, at *4.  There, plaintiffs alleged that Facebook intercepted plaintiffs' communications with Quest's medical portals, including such information as descriptive URLs generated with "***user-entered*** and user-specific information" along with users' "internet communications and medical information." *Id.* at *1, *4 (emphasis added).  Here, by contrast, Ingrao does not allege that she communicated the contents of anything, as argued fully in Nutrisystem's motion to dismiss. (ECF No. 25 at 8–11.)  Thus, *Cole* supports the proposition that a plaintiff must allege actual substantive "contents" of communications (such as medical information, user-generated queries, etc.) were intercepted to support a CIPA claim, and underscores that Ingrao has not alleged anything of the kind.  Thus, *Cole* actually supports Nutrisystem's motion to dismiss the CIPA claim on this point.

**Second**, *Cole* does not support Ingrao's argument that the party exception does not apply to AddShoppers. (ECF No. 39 at 14–15.)

Nutrisystem in its motion to dismiss cited *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 152 (3d Cir. 2015) to support its argument that, under Third Circuit precedent, AddShoppers is also a party to the communications and therefore exempt from liability under CIPA. (ECF No. 25 at 13.)  Ingrao claims that this argument was raised and rejected in *Cole*. (ECF No. 50 at 1–2.)  She is wrong.  While the defendant in *Cole* cited *Google* in support of its party exception argument in its motion (*Cole*, No. 2:23-cv-20647-WJM, ECF No. 51-1 at 30–33), the *Cole* court did not address the binding Third Circuit decision, *Google*.  Instead, the *Cole* court only discussed *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827-VC, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019), an extra-territorial Northern District of California case, in declining to apply the party exception to the third party, Facebook. 2024 WL 3272789, at *4.

Importantly, the *Cole* court ignored the Third Circuit's decision in *Google* even after the defendant raised it, and did not address it or analyze it in its opinion declining to extend the party exception to the third party. 2024 WL 3272789, at *4.  This omission undermines, and certainly does not support, Ingrao's argument that the party exception does not apply to AddShoppers. Nutrisystem respectfully submits that this Court should follow binding Third Circuit authority and refrain from considering *Cole* given its failure to consider *Google. Camreta v. Green*, 563 U.S. 692, 709 n.7 ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted).

Accordingly, Nutrisystem requests that the Court decline to follow *Cole* as it relates to the CIPA party exception and instead apply the Third Circuit's decision in *Google*, 806 F.3d 125 (3d Cir. 2015).

Dated:  July 26, 2024

Respectfully submitted,

*/s/Joseph E. Wolfson*
Joseph Wolfson
**STEVENS & LEE, P.C.**
1500 Market Street
East Tower, Suite 1800
Philadelphia, PA 19102
Telephone: (215) 751-1249
Email: joseph.wolfson@stevenslee.com

Ari N. Rothman (*pro hac vice*)
Jane B. Baber (*pro hac vice*)
**VENABLE LLP**
600 Massachusetts Avenue NW
Washington, D.C. 20001
Telephone: (202) 344-4000
Email: anrothman@venable.com
Email: jbbaber@venable.com

*Attorneys for defendant Nutrisystem, Inc.*

3

**<u>CERTIFICATE OF SERVICE</u>**

I, JOSEPH WOLFSON, ESQUIRE, certify that on this date, the foregoing Response to Plaintiffs' Notice of Supplemental Authority has been filed electronically, and is available for viewing and downloading from the ECF System, has been served via the Court's electronic filing service on all counsel of record.

By:   _/s/ Joseph E. Wolfson_
      Joseph Wolfson, Esquire

Dated: July 26, 2024