**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

AMELIA INGRAO and ELISABETH PACANA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ADDSHOPPERS, INC., NUTRISYSTEM, INC., VIVINT, INC.,

Defendants.

Case No. 2:24-cv-1022

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit the attached opinion in *Salazar v. National Basketball Association*, --- F.4th ---, 2024 WL 4487971 (2nd Cir. Oct. 15, 2024), as supplemental authority in support of Article III standing. ECF 69 at 4-11. In *Salazar*, the Second Circuit held that a plaintiff has standing to sue a website operator where it installs third-party tracking code which collects information about the videos he watched on the website. 2024 WL 4487971, at *1-2, *5-7. This case involves the same technology—tracking pixels—resulting in the same concrete harm: the unauthorized disclosure of personal browsing information.

Indeed, the Second Circuit explained the technical process as follows:

> The code most relevant to this case is a "tracking pixel"—a piece of code embedded on a website someone visits. As its name suggests, a tracking pixel tracks users as they navigate the website, reporting back to the pixel's owner. The information tracked depends on the tracking pixel's configuration.
>
> Here, Salazar alleges that Meta owns a tracking pixel, which we call the "Facebook Pixel." The NBA has installed the Facebook Pixel on NBA.com. Meta coded that pixel to collect and send to it (1) the title of the NBA.com video a user watched, (2) that video's URL, and (3) the user's "Facebook ID" (FID)—a number unique to each individual Facebook account. *Id.* at 15. We call this disclosed information "personal viewing information."

> By possessing the video title and URL of watched videos associated with a given FID, Meta can link a given Facebook profile to those watched videos. And with that information, Meta can send a user targeted advertisements. The NBA receives financial remuneration from this arrangement.

*Id*. at *2-3.

Defendants' wiretapping scheme operates using the same technical process. The retailers install AddShoppers tracking code on their websites. Compl. ¶ 36. AddShoppers code then collects the precise webpages a consumer views and their unique user ID. *Id*. ¶ 36-37. And by possessing the precise webpages associated with a given user ID, AddShoppers can link those webpages to a consumer's profile. *Id*. ¶ 3, 29, 32, 39. AddShoppers can use that information to send targeted advertisements. *Id*. ¶ 32, 41. The retailers receive financial remuneration from this arrangement through sales.

And the injury stemming from the unauthorized disclosure of personal browsing history through this tracking technology "is closely related to at least one common-law analog traditionally recognized as providing a basis for a lawsuit in American courts: public disclosure of private facts." *Salazar*, 2024 WL 4487971, at *5. Plaintiffs' "core allegation is that [their] personally identifiable information was exposed to an unauthorized third party." *Id*. at *7. Unlike even a data breach, Plaintiffs do not "just allege that his data was *exposed* to a third party; rather, [they] assert[] that it was *disclosed* as a result of an arrangement between the [Retail Defendants] and [AddShoppers] pursuant to which the [Retail Defendants] deliberately uses the [AddShoppers tracking code]." *Id*.; ECF 69 at 8-9. This "alleged harm is closely related to the public disclosure

of private facts analog."[1] *Id.*; ECF 69 at 7-8. The Court should therefore have "no trouble" concluding that the unauthorized disclosure of Plaintiffs' private browsing history is sufficient to confer standing. *Id*.

Dated: October 25, 2024

Respectfully submitted,

By: */s/ Charles E. Schaffer*

Charles E. Schaffer
Nicholas J. Elia
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: (215) 592-1500
cschaffer@lfsblaw.com
nelia@lfsblaw.com

Norman E. Siegel (*pro hac vice*)
J. Austin Moore (*pro hac vice*)
Kasey Youngentob (*pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
(816) 714-7100 (tel.)
siegel@stuevesiegel.com
moore@stuevesiegel.com
youngentob@stuevesiegel.com

*Attorneys for Plaintiffs and the Class*

[1] The court also rejected the requirement a plaintiff must plead all the elements of the historical analogue. *Salazar*, 2024 WL 4487971, at *7 n.6; *see also Barclift v. Keystone Credit Services, LLC*, 93 F.4th 136, 145 (3d Cir. 2024) ("We believe that if the Court wanted us to compare elements, it would have simply said so. So when asking whether a plaintiff's intangible injury is 'concrete,' we will examine the kind of harm at issue."); ECF 69 at 10 (explaining how Vivint's claim-element approach conflicts with *TransUnion*).